# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN WILLIAMSON, <br> and <br> RANDY WILLIAMSON <br>     Plaintiffs, <br><br> v. <br><br> SL WESTERN LOUNGE, LLC <br> D/B/A PBR ST. LOUIS, <br>     Defendant. | JURY TRIAL DEMANDED <br><br> Case No. 4:17-cv-00810 <br> (Removal from the Circuit Court of the City of <br> St. Louis, 22nd Judicial Circuit <br> Case No. 1722-CC00056) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant SL Western Lounge, LLC d/b/a PBR St. Louis (hereinafter "Defendant SL Western Lounge, LLC") hereby files this Notice of Removal of this case from the Circuit Court of the City of St. Louis, State of Missouri, Civil Action No. 1722-CC00056, where it is currently pending, to the United States District Court for the Eastern District of Missouri based on diversity jurisdiction. As grounds for removal, Defendant SL Western Lounge, LLC states:

1. On January 5, 2017, Plaintiffs filed their Petition in the Circuit Court of the City of St. Louis, Missouri, Case No. 1722-CC00056 naming SL Western Lounge, LLC d/b/a PBR St. Louis as the defendant. (Ex. A, Circuit Court File).

2. Defendant SL Western Lounge, LLC was served the Summons and Petition on February 9, 2017. (Ex. A, Circuit Court File).

3. Upon information and belief, both Plaintiffs are residents and citizens of the State of Illinois.

4. A LLC's citizenship "for purposes of diversity jurisdiction is the citizenship of its members." GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (citations omitted).

5. As of the commencement of the case and all times since, Defendant SL Western Lounge, LLC's members are Blake Cordish, Reed Cordish, Jon Cordish, Joe Weinberg, Bridle Ridge Investments, LLC, and Martin Family Investments, LLC. (Ex. B, Affidavit of Dana Alan Gausepohl, ¶ 3).

6. As of the commencement of the case and all times since, Blake Cordish, Reed Cordish, Jon Cordish, and Joe Weinberg were and are all residents and citizens of the State of Maryland. *Id.* at ¶ 4.

7. As of the commencement of the case and all times since, Bridle Ridge Investments, LLC's sole member was and is the Charles F. Jacobs Family Trust. *Id.* at ¶ 5.

8. "The analysis for determining the citizenship of a trust has not been conclusively decided in the Eighth Circuit." *Fairfield Castings, LLC v. Hofmeister*, 112 F. Supp. 3d 850, 854 (S.D. Iowa 2015). Some Circuits look to only the trustee to determine the citizenship of the trust while others Circuits have analyzed the citizenship of a Trust based on the citizenship of the trustee and the beneficiaries. *Id.* Moreover, district courts within the Eighth Circuit have looked at the "the citizenship of the beneficiaries of the Trust" to determine citizenship for diversity purposes. *Id. See also Simmons v. Marriott Int'l, Inc.*, No. 4:10CV00141 FRB, 2010 WL 2399549 (E.D. Mo. June 10, 2010).

9. As of the commencement of the case and all times since, Joe Weinberg, a resident and citizen of the State of Maryland, was and is the trustee for the Charles F. Jacobs Family Trust. (Ex. B, Affidavit of Dana Alan Gausepohl, ¶¶ 4, 6).

10. As of the commencement of this case and all times since, the beneficiaries of the Charles F. Jacobs Family Trust were and are Elizabeth Jacobs, Bradley Jacobs, Jennifer Jacobs, and Hilary Jacobs. *Id.* at ¶ 7.

11. As of the commencement of this case and all times since, Elizabeth Jacobs, Bradley Jacobs, and Jennifer Jacobs were and are all residents and citizens of the State of Maryland. *Id.* at ¶ 8.

12. As of the commencement of this case and all times since, Hilary Jacobs was and is a resident and citizen of the District of Columbia. *Id.* at ¶ 9.

13. As the trustee and beneficiaries of the Charles F. Jacobs Family Trust are all residents of the State of Maryland or the District of Columbia, the Charles F. Jacobs Family Trust is a citizen of the State of Maryland and the District of Columbia.

14. As Bridle Ridge Investments, LLC's sole member is the Charles F. Jacobs Family Trust, Bridle Ridge Investments, LLC is a citizen of the State of Maryland and the District of Columbia.

15. As of the commencement of this case and all times since, Martin Family Investments, LLC's sole member was and is Chase Martin, a resident and citizen of the State of Maryland. (Ex. B, Affidavit of Dana Alan Gausepohl, ¶¶ 10-11).

16. As Martin Family Investments, LLC's sole member is Chase Martin, Martin Family Investments, LLC is a citizen of the State of Maryland.

17. For purposes of federal diversity jurisdiction, Defendant SL Western Lounge, LLC's citizenship is the citizenship of all of its members. Accordingly, during all relevant time periods, Defendant SL Western Lounge was and is a citizen of the State of Maryland and the District of Columbia.

18. Defendant SL Western Lounge, LLC is not and has not been a citizen of the State of Missouri or a citizen of the State of Illinois for purposes of federal diversity jurisdiction.

19. As of the commencement of the case and all times since, Plaintiffs and Defendant SL Western Lounge, LLC were and remain citizens of different states.

20. Plaintiffs' Petition for Damages does not specify the amount of damages sought in this matter[1]. To satisfy the amount in controversy requirement, Defendant must show by a preponderance of the evidence only that "a fact finder *could* legally conclude from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff[s] suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party seeking removal must show only that the claims originally asserted in the Complaint "could, that is might, legally satisfy the amount in controversy requirement.").

21. Plaintiff Karen Williamson herein seeks damages related to a personal injury sustained when she was thrown from a mechanical bull. (Ex. A, Plaintiffs' Petition, Count I, ¶¶ 6-7). Plaintiff Karen Williamson seeks damages for "serious and

---

[1] Missouri Rules of Civil Procedure do not permit Plaintiffs to specify the amount of any alleged monetary damages. *See* Mo. R. Civ. P. 55.05 ("If a recovery of money be demanded…in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority. . . .").

4

permanent personal injuries, and was and will continue to be hindered in attending to usual duties and affairs, and has lost and in the future will lose the value of this time." (Ex. A, Plaintiffs' Petition, Count I, ¶ 7). Further, Plaintiff Karen Williamson alleges she "has become liable for *large sums* of medical bills and will expect or will become liable for additional medical bills in the future." *Id.* (emphasis added). Additionally, Plaintiff Karen Williamson prays for judgment against Defendant "in a sum greater than TWENTY-FIVE THOUSAND DOLLARS AND NO CENTS ($25,000.00)." (Ex. A, Plaintiffs' Petition, Count I). Similar allegations have been found to meet the jurisdictional amount in controversy in this District. *See Quinn v. Kimble*, 228 F. Supp. 2d 1036. (E.D. Mo. 2002). Accordingly, a fact finder might legally conclude that Plaintiff Karen Williamson's damages sought are greater than $75,000.00.

22. Therefore, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. Section 1332(a)(1).

23. Plaintiff Randy Williamson alleges loss of consortium damages arising from Plaintiff Karen Williamson being thrown from a mechanical bull. (Ex. A, Plaintiffs' Petition, Count II, ¶¶ 6-9). Plaintiff Randy Williamson alleges damages including loss of "the society, companionship, affection, and consortium of his wife, Karen Williamson." (Ex. A, Plaintiffs' Petition, Count II, ¶ 9). Further, Plaintiff Randy Williamson prays for judgment against Defendant "in a sum greater than TWENTY-FIVE THOUSAND DOLLARS AND NO CENTS ($25,000.00)." (Ex. A, Plaintiffs' Petition, Count II).

24. Plaintiff Randy Williamson's alleged damages arise out of the same case or controversy (Karen Williamson being thrown from a mechanical bull) as Plaintiff Karen Williamson's damages. As such, this Court has supplemental jurisdiction over Plaintiff Randy Williamson's claims. *See Tucker v. Wal-Mart Stores, Inc.,* No. 1:06-CV-19 CAS, 2006 WL 1134712, at *2 (E.D. Mo. Apr. 26, 2006).

25. This Notice of Removal is being timely filed within thirty (30) days after receipt by Defendant SL Western Lounge, LLC through service of the summons and a copy of the initial pleading setting forth Plaintiffs' claim for relief. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

26. Removal of this action is not prohibited by any federal statute.

27. Attached hereto as Exhibit A are all process, pleadings, orders, and other documents then on file in the Circuit Court of the City of St. Louis, State of Missouri and served upon this Defendant.

28. After filing this Notice of Removal, Defendant will file a copy of this pleading with the Clerk of the Circuit Court of the City of St. Louis, State of Missouri, and with counsel for Plaintiffs.

29. If any question arises as to the propriety of the removal of this action, Defendant SL Western Lounge, LLC respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendant SL Western Lounge, LLC, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiffs, and the filing of a copy of this Notice of Removal with the clerk of the Circuit Court of the City of St. Louis, State of Missouri, effects the removal of said civil action to this Honorable Court.

This 1st day of March, 2017.

                Respectfully submitted,

                McANANY, VAN CLEAVE & PHILLIPS
                505 North 7th Street, Suite 2100
                St. Louis, Missouri 63101
                314-621-1133
                314-621-4405 – facsimile

By: _____
                Gregory T. Cook    #57408 MO
                gcook@mvplaw.com
                Nicholas G. Klumb   #63937 MO
                nklumb@mvplaw.com
                *Attorneys for Defendant SL Western Lounge, LLC d/b/a PBR St. Louis*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed through the CM/ECF system of this Court and a true and correct copy of the foregoing was sent by first class mail, postage prepaid and via electronic mail this ___1st___ day of ___March___, 2017 to:

Randall P. Steele
200 West Main, P.O. Box 280
Glen Carbon, IL 62034
rsteele200@aol.com
***Attorneys for Plaintiffs***

_____
Gregory T. Cook