UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN WILLIAMSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 810 CDP |
| | ) | |
| SL WESTERN LOUNGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This newly-removed case has been recently reassigned to me and is before me on my review for subject matter jurisdiction. Plaintiffs filed this action against defendant for personal injuries arising from a mechanical bull riding accident by plaintiff Karen Williamson. Defendant removed this action to this Court on March 1, 2017, alleging diversity jurisdiction under 28 U.S.C. § 1332.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries,* 823 F.2d 214, 216 (8th Cir. 1987). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than

$75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

In removal cases, the district court reviews the state court petition pending at the time of removal to determine the existence of subject matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Id.*

Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." 28 U.S.C. § 1332(a). When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2)(a). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted *when not contested by the plaintiff or questioned by the court*." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (U.S. Dec. 15, 2014) (emphasis supplied). "Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when . . . the court questions the defendant's allegation." *Id.* at

554. When a court makes a factual inquiry into the amount in controversy issue, "the court can consider the plaintiff's pre- and post- removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, as long as the stipulation can be considered as *clarifying* rather than amending an original pleading." *Jackson v. Fitness Resource Group, Inc.*, No. 4:12CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (emphasis in original) (internal quotation marks and citation omitted).

Here, the petition alleges only that plaintiff Karen Williamson was thrown from a mechanical bull, sustaining "serious and permanent personal injuries" and "large medical bills." Her husband Randy brings a loss of consortium claim related to these alleged injuries. The petition does not state a specific amount of damages and seeks only the state-court jurisdictional minimum of a sum greater than $25,000. Defendant cites only these barebones allegations as evidence that the amount in controversy exceeds $75,000. I question whether the amount in controversy has been met, as state court petitions which seek an unspecified amount of damages do not establish damages in excess of the jurisdictional amount and do not start the thirty-day time limit for removal. *See Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011).

As a result, I will give defendant until March 17, 2017, to supplement its Notice of Removal to provide sufficient evidence that would allow me to find, by a

preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.

Accordingly,

**IT IS HEREBY ORDERED** that defendant shall show cause in writing no later than **March 17, 2017**, why this case should not be remanded for lack of subject matter jurisdiction by supplementing its Notice of Removal as set out above.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2017.