UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KAREN WILLIAMSON, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:17 CV 810 CDP |
| SL WESTERN LOUNGE, LLC, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF REMAND**

On March 9, 2017, I ordered defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction. As I explained, defendant cited only plaintiffs' barebones allegations as evidence that the amount in controversy exceeds $75,000, which is insufficient to establish damages in excess of the jurisdictional amount. *See Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011). In responding to my Show Cause Order, defendant offered no supporting evidence establishing that the amount in controversy has been met. Instead, it simply pointed once again to the allegations in the state court petition and cited other, distinguishable decisions from this court. These cases do not support a finding of jurisdiction in this case, where defendant offers nothing other than plaintiffs' barebones allegations that damages exceed the state-court jurisdictional minimum. If I were to accept defendant's argument, then any state

court personal injury case with diverse parties would be removable solely because plaintiffs are required to plead damages in excess of $25,000 to meet the circuit court's jurisdictional threshold. This is not the law. *Id.*

As defendant has failed to establish that the amount in controversy has been met, this case will be remanded to state court for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this case is remanded to the Circuit Court of the City of St. Louis, Missouri.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2017.